### HERBERT HOWARD v. STATE.

No. A-5059.    Opinion Filed June 14, 1924.

(226 Pac. 602.)

(Syllabus.)

Appeal and Error—Where on Motion Pending Appeal, New Trial for Newly Discovered Evidence Granted, Appeal Dismissed as Moot. Where, pending appeal from a judgment of conviction in a criminal case, the trial court, at a time not later than the next term of court after judgment is rendered, grants the defendant a new trial on the ground of newly discovered evidence on a motion pending and undetermined at the time the appeal is filed herein, the questions involved in the appeal become moot, and the appeal will be dismissed.

Appeal from District Court, Ottawa County; J. J. Smith, Judge.

Herbert Howard was convicted of highway robbery and he appeals. Appeal dismissed.

John L. Crank, for plaintiff in error.

The Attorney General, for the State.

MATSON, P. J. On the 12th day of January, 1924, the county attorney of Ottawa county filed in the district court of said county an information charging Herbert Howard with the crime of robbery, alleged to have been committed in said county on the————day of June, 1923, by making an assault upon one Roy Smith with a certain deadly weapon, to wit, a revolver, and then and thereby putting the said Roy Smith in fear of immediate injury to his life and person, etc., and by the use of said force and putting in fear, taking, stealing, and carrying away, against the will of the said Roy Smith, from the possession and person of him the said Roy Smith, certain personal property, etc. On the 19th day of January, 1924, the defendant was present in open court in person, and J. L. Crank was appointed as attorney to defend him, and the defendant entered a plea of not guilty to the charge.

Thereafter, on the 22d day of January, 1924, the cause came regularly on for trial, and the jury was impaneled and sworn, the evidence both for the state and the defendant heard, the jury instructed as to the law of the case, and a verdict returned, finding the defendant guilty and requesting the court to assess the punishment. Thereafter the court on the 28th day of January, 1924, after hearing and overruling a motion for new trial, rendered judgment against the defendant, assessing punishment at imprisonment in the State Reformatory at Granite for a period of 25 years. Proper exceptions were reserved to the action of the trial court in overruling the motion for a new trial and in rendering

judgment, and an appeal prayed to this court, which was allowed, and a case-made ordered to be transcribed at the expense of Ottawa county.

On March 10, 1924, on application of plaintiff in error, the petition in error and case-made were ordered filed in this court without cost to plaintiff in error, upon a sufficient showing that plaintiff in error was a poor person and unable to pay the cost of this appeal. Since the perfecting of this appeal, it has been made to appear to this court by a proper showing that on the 15th day of May, 1924, upon motion of the defendant for a new trial upon the ground of newly discovered evidence, pending and undetermined at the time the appeal was filed herein, the trial court sustained said motion and set aside the verdict and judgment so appealed from, and granted the defendant a new trial under authority granted to the trial court by the seventh subdivision of section 2754 and section 2755, Compiled Statutes 1921, permitting motions for a new trial on the ground of newly discovered evidence to be made after judgment, but not later than the next term of court after judgment is rendered.

The judgment from which this appeal was taken having been set aside and held for naught, it follows that the appeal must be dismissed. The appeal, therefore, is accordingly dismissed, and the cause remanded to the trial court.

BESSEY and DOYLE, JJ., concur.